# EXHIBIT A

# Civil Cover Sheet

Berks County

Docket No: 21-00086

10(1-3)

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Paul Mosser

**Lead Defendant's Name:** Best Buy Co., Inc.

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

**Name of Plaintiff/Appellant's Attorney:** Matthew Slocum, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

THE SLOCUM FIRM, P.C
BY:   Matthew Slocum, Esquire
      Arianne Slocum, Esquire
Attorney I.D. Nos. 89780/93243                           Attorneys for Plaintiff
600 Jefferson Avenue
Scranton, Pennsylvania 18510
570.209.7376/570.614.2147 (telefax)

| | |
|---|---|
| PAUL MOSSER,<br>610 Main Street<br>Shoemakersville, PA 19555<br>      Plaintiff | IN THE COURT OF COMMON PLEAS<br>OF BERKS COUNTY |
| vs. | CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED |
| BEST BUY CO., INC.,<br>1701 Crossing Drive<br>Wyomissing, PA 19610<br>      Defendant | NO: |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

<u>IF YOU CANNOT AFFORD A LAWYER, THE OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT REDUCED FEES OR NO FEES.</u>

**MIDPENN LEGAL SERVICES**
501 Washington Street, #401
Reading, PA 19601
(610) 376-8656

**PA LAWYER REFERRAL SERVICE**
PO Box 186
100 South Street
Harrisburg, PA  17108
1-800-692-7375 (Pennsylvania Residents)
(717) 286-6715 (Out-of-State Residents)

## VERIFICATION

I, Paul Mosser, being duly sworn according to law, depose and state the following facts are correct: I am the Plaintiff in the foregoing action. The attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of the defense of the lawsuit. The language of the Complaint is counsel's and not mine. I have read the Complaint and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

*Paul R Mosser*

_____

Paul Mosser

Dated: 1/7/2021

THE SLOCUM FIRM, P.C
BY:   Matthew Slocum, Esquire
      Arianne Slocum, Esquire
Attorney I.D. Nos. 89780/93243
600 Jefferson Avenue
Scranton, Pennsylvania 18510
570.209.7376/570.614.2147 (telefax)

Attorneys for Plaintiff

PAUL MOSSER,
610 Main Street
Shoemakersville, PA 19555
    Plaintiff

vs.

BEST BUY CO., INC.,
1701 Crossing Drive
Wyomissing, PA 19610
    Defendant

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY

CIVIL ACTION – LAW
JURY TRIAL DEMANDED

NO:

## PLAINTIFF'S COMPLAINT

AND NOW, Plaintiff, PAUL MOSSER, by and through her counsel, The Slocum Firm, P.C., complains against the above-named Defendant, BEST BUY, as follows:

1. Plaintiff, Paul Mosser (hereinafter "Plaintiff"), is an adult individual who resides at 610 Main Street, Shoemakersville, Berks County, Pennsylvania, 19555.

2. Defendant, Best Buy Co., Inc. (hereinafter "Best Buy"), is a business entity which owns and operates an electronics store located at 1701 Crossing Drive, Wyomissing, Berks County, Pennsylvania, 19610.

3. At all times relevant hereto, Defendant was responsible for the management and enforcement of its policies at the electronics store, Best Buy located at 1701 Crossing Drive, Wyomissing, Berks County, Pennsylvania, 19610.

4. At all times relevant hereto, Defendant had a duty to maintain and follow its policies so that patrons such as Plaintiff would not be injured.

5. On November 27, 19, Plaintiff, a business invitee, was law~ ~ly on the Best Buy premises.

6. When Plaintiff was picking up a television which was purchased on-line, an employee of Best Buy assisted Plaintiff in loading the large and heavy television into his vehicle.

7. When the Best Buy employee and Plaintiff were lifting the television into Plaintiff's vehicle, Plaintiff immediately felt something tear in his right arm and he had to let go of the television.

8. The Best Buy employee who was assisting him stated he should have sought more help from other Best Buy employees in loading the television.

9. Defendant either knew, or should have known, of the company's policies which state that Best Buy employees are to work together to load heavy items into customers' cars.

10. Following the accident, Defendant was immediately made aware of the incident.

11. At all times relevant hereto, Defendant, individually, jointly, or by and through its agents, servants, franchisees, workmen and/or employees, had a duty to keep those persons lawfully on its premises safe from harm and Defendant breached that duty in allowing Plaintiff to load a heavy object into his car with the help of only one Best Buy employee, and not others, allowing that dangerous condition to cause his serious injuries.

12. Solely as a result of the carelessness and negligence of Defendant herein, Plaintiff suffered severe, painful, disabling and permanent injuries, including, but not limited to the following:

    a. Arm pain;

    b. Bicep rupture;

    c. Hand and shoulder pain;

    d. Other injuries to be identified up until the time of trial.

13. Solely as a result of the carelessness, recklessness and negligence of Defendant herein,

Plaintiff has been caused to [suff]er great physical pain and discomfort a[nd h]as undergone medical care and treatment for the aforesaid injuries including, but not limited to, surgery, x-rays and other diagnostic studies and medications and, as a result of his injuries and their residual effects, he will continue to suffer pain and undergo additional medical care and treatment in the future.

14. Solely as a result of the carelessness, recklessness and negligence of Defendant herein, Plaintiff has been obligated to incur bills and expend money for the required medical care and treatment of the above-described injuries, conditions, residual conditions and will be required to spend additional sums of money in the future for said treatment and care and will continue to incur said bills for an indefinite period of time in the future.

15. Solely as a result of the carelessness, recklessness and negligence of Defendant herein, Plaintiff has sustained the loss of normal and everyday pleasures and enjoyments of life, social, family and recreational activities and events, and will continue to be so deprived for a long and indefinite time into the future.

## COUNT I
## PAUL MOSSER vs. BEST BUY
## NEGLIGENCE

16. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if each and every one were individually set forth within this Count.

17. Plaintiff was a business invitee of Defendant Best Buy and as such, was owed the highest duty of care.

18. Pursuant to Best Buy's own policies, Best Buy employees are to work together to load heavy items into customers' cars.

19. Below is from Best Buy's website:

> "For larger items, our employees will work together to load the item in your vehicle. We may ask you to adjust seats to make more room in the back seat or trunk, otherwise please remain in your vehicle to maintain social distancing standards. To ensure the pickup process goes smoothly, please prepare your vehicle ahead of time by moving

car seats forw___ folding back seats down, and moving p___onal items out of the area where you'd h___ employees to load your product."

20. Defendant Best Buy is liable for the physical harm caused to Plaintiff because it knew of the risk of harm to Plaintiff by not having enough Best Buy employees to assist in lifting a heavy and large television in to Plaintiff's vehicle.

21. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of Plaintiff's injury, consisted of but is not limited to, the following:

(a) Failing to adequately manage and enforce its policies;

(b) Failing to properly educate its employees of its policies;

(c) Permitting its employees to put customers in a dangerous condition;

(d) Permitting customers to load heavy objects into their vehicles when its policies state that employees are to work together to load heavy objects into customers vehicles, not customers;

(e) Failing to rectify the dangerous condition, which caused the Plaintiff to become injured, despite having actual and/or constructive notice of said dangerous condition;

(f) Failing to educate its agents, servants, franchisees, workmen and/or employees on how to properly assist customers;

(g) For creating the dangerous condition that resulted in Plaintiff's injuries;

(h) For being otherwise careless, negligent and reckless under all of the existing circumstances.

22. As a direct and proximate result of the aforementioned negligence, Plaintiff has suffered the damages as set forth in this Complaint.

23. The negligence and/or carelessness of Defendant was the direct and sole cause of Plaintiff's injuries.

24. As a direct and consequential result of the negligent and/or careless conduct of the

Defendant, described above, Plaintiff suffered various and permanent personal injuries, serious impairment of bodily function and/or permanent disfigurement and other ills and injuries, including but not limited to, a full-thickness tear/complete rupture of the distal biceps tendon, all to Plaintiff's great loss and detriment.

25. As a result of these injuries, all of which may be permanent in nature and all of which are due to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

27. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or capacity, all to Plaintiff's further loss and detriment.

28. In addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Paul Mosser, respectfully requests judgment in his favor and against Defendant Best Buy, and demands all damages recoverable by law from Defendant in an amount in excess of the amount requiring compulsory arbitration thereof plus interests and costs of suit and any other relief this Honorable Court may deem just and reasonable.

Respectfully Submitted,

_____
Printed Name

_____
Printed Name

_____
Matthew Slocum, Esquire
Atty ID # PA 89780
**The Slocum Firm, P.C.**
600 Jefferson Avenue
Scranton, PA 18510
matt@theslocumfirm.com
p: 570-209-7376
f: 570-614-2147

_____
Arianne Slocum, Esquire
Atty ID # PA 93243
**The Slocum Firm, P.C.**
600 Jefferson Avenue
Scranton, PA 18510
arianne@theslocumfirm.com
p: 570-209-7376
f: 570-614-2147

Date   1/7/2021

## CERTIFICATE OF COMPLAINCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Matthew Slocum, Esquire